UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES WRIGHT | Hon. Stanley R. Chesler |
| | Civil Action No. 11-602 (SRC)(MAS) |
| Plaintiff, | |
| v. | PRETRIAL SCHEDULING ORDER |
| THE HARTFORD BENEFIT MANAGEMENT SERVICES , et. al. | |
| Defendants. | |

**THIS MATTER** having come before the Court for a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on **June 27, 2011**; and for good cause shown:

**IT IS** on this 28th day of June, 2011;

**ORDERED THAT:**

### I. DISCLOSURES

1. Fed. R. Civ. P. 26 disclosures have already been exchanged.

### II. DISCOVERY

2. Fact discovery is to remain open through **September 1, 2011.** No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown. Any discovery disputes must be brought to the Court's attention by the close of fact discovery or will be considered waived.

3. Depositions of fact witnesses and individuals who will give lay opinion testimony based on particular competence in an area (including but not limited to treating physicians) are to be completed by **September 1, 2011.** No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege.  See Fed. R. Civ. P. 32(d) (3) (A). No instruction not to answer shall be given unless a privilege is implicated.

4.      **Pursuant to L. Civ. R. 16.1(f)(1), counsel must confer to resolve any case management dispute.  Any discovery dispute shall be brought to the Court's attention in the first instance by way of an <u>e-filed joint letter</u>  immediately after the parties' good faith attempt to resolve the dispute has failed.  The e-filed joint letter must set forth the nature of the dispute and provide each party's position regarding the dispute.  <u>Discovery disputes shall be brought to the court's attention no later than thirty days prior to the close of discovery</u>**.

5.      Counsel may freely file motions to seal and *pro hac vice* motions.  Counsel should clearly indicate in the motion papers whether the motion has been consented to.  **No discovery motions shall be made without prior leave of Court**.  Any motion filed without prior leave of Court will be terminated.

### III.  DISCOVERY CONFIDENTIALITY ORDERS

6.      Any proposed confidentiality order agreed to by the parties must strictly comply with Fed.R.Civ.P. 26 (c) and Local Civil Rule 5.3.  <u>See</u> <u>also</u> Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994); Glenmede Trust Company v. Thompson, 56 F.3d 476 (3d Cir. 1995).  Any such form of order must be accompanied by an affidavit or attorney certification filed electronically under the designation "affidavit/certification in support of discovery confidentiality order."  The affidavit or attorney certification shall describe (a) the nature of the materials to be kept confidential, (b) the legitimate private or public interests which warrant confidentiality and (c) the clearly defined and serious injury that would result should the order not be entered.  Any such order must be clearly designated **"Discovery Confidentiality Order."**  <u>See</u> Local Civil Rule 5.3.

### IV.  FUTURE CONFERENCES

7.      There shall be an in person status/settlement conference before the Undersigned on **September 7, 2011** at **11:00 a.m.** at the Martin Luther King Jr, Federal Bldg. & U.S. Courthouse, 50 Walnut Street, Room 2042, Newark, New Jersey 07102. **By August 31, 2011,** each party is to deliver directly to Chambers (do not e-file or file with the Clerk of Court) a confidential letter, not to exceed **five (5) pages**, summarizing the relevant facts, the respective legal positions, status of the case and the client's position on settlement.

8.      The Court may from time to time schedule conferences as may be required, either <u>sua</u> <u>sponte</u> or at the request of a party.

9.      Counsel should be prepared to discuss settlement at every conference with the Court.  The senior attorney in charge of the case must attend all settlement conferences and client(s) with full settlement authority must attend in person.  In cases involving insurance companies and other corporate or business entities, it is expected that the executive who will make  the final decision on the settlement will be the person who attends the conference.

2

10.     Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

11.     A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action.  Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

### V.  MOTIONS

12.     Any motion to add new parties or amend the pleadings, whether by amended or third-party complaint, must be filed not later than **July 15, 2011**.

13.     All calendar or dispositive motions, if permitted, shall comply with the Local Civil Rules.

13.     Dispositive motions, if any, are to be filed **no later than thirty (30) days after the entry of the Final Pretrial Order**.

14.     **FAILURE TO FOLLOW THIS ORDER MAY RESULT IN SANCTIONS PURSUANT TO Fed. R. Civ. P. 16(f) and 37.**

                                                                s/ Michael A. Shipp
                                                                **HONORABLE MICHAEL A. SHIPP**
                                                                **United States Magistrate Judge**