SEDGWICK LLP
Michael H. Bernstein, *pro hac vice*
Daniel M. Meier
125 Broad Street, 39th Floor
New York, New York 10004-2400
Telephone: (212) 422-0202
Facsimile: (212) 422-0925
Attorneys for Defendants
Hartford Life and Accident
 Insurance Company s/h/a
The Hartford Benefit Management
Services and GDB Claims and
Services Operations

UNITED STATES DISTRICT COURT
DISTRICT COURT OF NEW JERSEY
-----------------------------------------------------------------x

| | |
|---|---|
| JAMES WRIGHT,<br><br>                              Plaintiff,<br><br>     -against-<br><br>THE HARTFORD BENEFIT MANAGEMENT SERVICES; GDB CLAIMS AND SERVICES OPERATIONS; ABC 1-10 (that being the names of the corporate entities, companies, partnership or individuals intended),<br><br>                              Defendants. | Civil No.: 2:11-cv-00602<br>Hon. Stanley R. Chesler, U.S.D.J.<br>Hon. Michael A. Shipp, U.S.M.J.<br><br><br>**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE PORTIONS OF THE PLAINTIFF'S ATTORNEY'S AFFIDAVIT AND SEVERAL OF THE EXHIBITS ANNEXED THERETO** |

-----------------------------------------------------------------x

NY/756884v2

## TABLE OF CONTENTS

Page(s)

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

    POINT I

    THIS COURT SHOULD STRIKE ALL EXHIBITS TO THE KUTYLA
    AFFIDAVIT THAT ARE NOT PART OF THE ADMINISTRATIVE RECORD .................... 2

    POINT II

    THE COURT SHOULD STRIKE ALL PORTIONS OF WRIGHT'S
    ATTORNEY AFFIDAVIT AND THE EXHIBITS ANNEXED THERETO
    THAT ARE UNAUTHENTICATED AND NOT BASED ON HIS PERSONAL
    KNOWLEDGE ........................................................................................................................ 5

CONCLUSION ............................................................................................................................... 7

## TABLE OF AUTHORITIES

Page(s)

### CASES

*Abnathya v. Hoffman-LaRoche, Inc.*,
   2 F.3d 40 (3d Cir. 1993) ................................................................................................................3

*Clark v. Clabaugh*,
   20 F.3d 1290 (3d Cir. 1994) ..........................................................................................................6

*Conkright* v. *Frommert*,
   130 S.Ct. 1640 (2010) ........................................................................................................ 2, 4, 5

*Filippo v. Bongiovanni*,
   743 F.Supp. 327, 332 (D.N.J. 1990) *rev'd on other grounds,* 961 F.2d 1125 (3d Cir. 1992),
   *cert. denied* 506 U.S. 908, 113 S.Ct. 305, 121 L.Ed.2d 228 (1992) .............................................7

*Firestone Tire and Rubber Co.* v. *Bruch*,
   489 U.S. 101 (1989) ......................................................................................................................2

*Grimes* v. *Prudential Financial, Inc.*,
   No. 09-419 (FLW), 2010 WL 2667424 (D.N.J. June 29, 2010) .............................................. 4, 5

*Hobson* v. *Metropolitan Life Ins. Co.*,
   573 F.3d 75 (2d Cir. 2009) ............................................................................................................3

*John Deere Indus. Equipment Co. v. Tomasella* ,
   1990 WL 223521 (D.N.J. Dec. 18, 1990) .....................................................................................6

*Johnson v. Guhl*,
   91 F.Supp.2d 754 (D.N.J. 2000) ...................................................................................................6

*Johnson v. UMWA Health & Retirement Funds*,
   125 Fed. Appx. 400 (3d Cir. 2005) ...............................................................................................3

*Jones v. Waters,*
   563 F.Supp. 817 (E.D. Pa. 1983) ..................................................................................................6

*Marciniak v. Prudential Financial Ins. Co. of America*,
   184 Fed. Appx. 266 (3d Cir. 2006) ...................................................................................... 3, 4, 5

*Martin v. Hartford Life and Acc. Ins. Co.*,
   No. 09-cv-6617 (CJS), 2011 WL 893221 (W.D.N.Y. March 16, 2011) .......................................6

*Metropolitan Life Ins. Co.* v. *Glenn*,
   554 U.S. 105, 128 S.Ct. 2343 (2008) ............................................................................................2

NY/756884v2

*Miller* v. *United Welfare Fund*,
    72 F.3d 1066 (2d Cir. 1995) ................................................................................................. 3

*Mitchell v. Eastman Kodak Co.*,
    113 F.3d 433 (3d Cir. 1997) .................................................................................................. 3

*Muller* v. *First Unum Life Ins. Co.*,
    341 F.3d 119 (2d Cir. 2003) .................................................................................................. 3

*Murray v. IBEW Local Union No. 98 Pension Plan*,
    2011 WL 1883189, 6 (E.D.Pa. May 17, 2011) ............................................................ 2, 4, 5

*O'Sullivan v. Metropolitan Life Ins. Co.*,
    114 F.Supp.2d 303 (D.N.J. 2000) .......................................................................................... 3

*Palomba v. Barish*,
    626 F.Supp. 722 (E.D.Pa.1985) ............................................................................................. 6

*Post v. Hartford Ins. Co.*,
    501 F.3d 154, 168 (3d Cir. 2007), *overruled on other grounds,* 574 F.3d 230 (3d Cir. 2009) ................ 2, 4

*Richard* v. *Fleet Fin. Group Inc. LTD Employee Benefits Plan*,
    No. 09-2284-cv, 2010 WL 625003 (2d Cir. Feb. 24, 2010) .................................................. 3

*Sivalingam v. Unum Provident Corp.*,
    735 F.Supp.2d 189 (E.D.Pa. 2010) ........................................................................................ 3

*Stout v. Bethlehem Steel Corp.*
    957 F.Supp. 673 (E.D.Pa.1997) ............................................................................................. 3

*Teeter v. Supplemental Pension Plan of Consolidated Rail Corp.*,
    705 F.Supp. 1089 (E.D.Pa.1989) ........................................................................................... 3

*Walker v. Spiller,*
    1998 WL 306540 (E.D.Pa. June 9, 1998) .............................................................................. 6

**STATUTES**

Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.* ("ERISA") ....................... 1

**RULES**

Rule 56(c)(4), FED. R. CIV. P., ....................................................................................................... 6

Rule 56(e), FED. R. CIV. ................................................................................................................ 1

NY/756884v2

## **PRELIMINARY STATEMENT**

This memorandum of law is respectfully submitted in support of Defendant, Hartford Life & Accident Insurance Company's ("Hartford") motion pursuant to Rule 56(e), FED. R. CIV., for an Order striking certain portions of Kevin T. Kutyla's, Esq.'s Affidavit ("Kutyla Affidavit") – specifically, Paragraphs 12-19 and Exhibits "A-C," "G-Z," and "AA-AJ" attached thereto – that were submitted in support of Wright's motion for summary judgment.

This action involves Wright's claim for long-term disability ("LTD") benefits under the Group Long Term Disability Plan for the employees of JPMorgan Chase Bank (the "Plan"), which is an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.* ("ERISA"). At the close of discovery, the parties filed their respective motions for summary judgment, which are currently pending before this Court. In support of his motion for summary judgment, however, Wright submitted the Kutyla Affidavit in support of his motion for summary judgment, which annexes several exhibits that were not part of the administrative record pertaining to Hartford's administration of Wright's claim for benefits. Under well-settled and controlling authority in this Circuit, this Court may not consider these exhibits when reviewing Hartford's adverse benefit determination because they are evidence outside of the administrative record. It is therefore respectfully requested that the Court strike the portions of the Kutyla Affidavit that contain this inadmissible extra-record evidence and not consider it in connection with the pending dispositive motions

In addition, with the exception of the pleadings in this matter, each and every exhibit annexed to the Kutyla Affidavit, including those outside the administrative record referenced above, has not been properly authenticated. Indeed, Kutyla does not have the requisite personal knowledge to authenticate these exhibits nor to make the conclusory assertions in his affidavit referring to

them. Accordingly, these exhibits and Kutyla's corresponding conclusory assertions referring to them, should also be stricken by this Court and not considered in connection with the parties' respective dispositive motions.

## ARGUMENT

### POINT I
### THIS COURT SHOULD STRIKE ALL EXHIBITS TO THE KUTYLA AFFIDAVIT THAT ARE NOT PART OF THE ADMINISTRATIVE RECORD

Wright was a participant in the Chase LTD Plan, an employee welfare benefit plan that is governed by ERISA. Hartford issued a group policy of insurance to fund benefits under the Plan and administered all claims for benefits (including Wright's) pursuant to a full grant of discretionary authority. (5, 19, 24).[1] When a claim administrator is given such discretionary authority to determine a claimant's eligibility for benefits, the court must view its claim determinations with a strong measure of deference and may only reverse the administrator's actions if the court finds them to be arbitrary and capricious. *See Conkright* v. *Frommert*, 130 S.Ct. 1640, 1646 (2010); *Metropolitan Life Ins. Co.* v. *Glenn*, 554 U.S. 105, 128 S.Ct. 2343, 2347-48 (2008); *Firestone Tire and Rubber Co.* v. *Bruch*, 489 U.S. 101, 115 (1989).

It is well-settled that in reviewing Hartford's adverse benefit determination, the Court is limited to the facts known to the claims administrator at the time its final decision was rendered. *See Murray v. IBEW Local Union No. 98 Pension Plan*, 2011 WL 1883189, 6 (E.D.Pa. May 17, 2011) citing *Post v. Hartford Ins. Co.,* 501 F.3d 154, 168 (3d Cir. 2007), *overruled on other grounds,* 574 F.3d 230 (3d Cir. 2009). "Consequently, when, as here, a plaintiff alleges that a plan administrator… abused its

---

[1] All references to numbers "00001" through "000039" are to the Bates Stamped pages annexed as Exhibit "A" of the Declaration of Juan M. Mendez dated November 1, 2011 (the "Mendez Dec."). All references to numbers "000040" to "000993" are to the Bates Stamped pages annexed as Exhibit "B" to the Mendez Dec. All references to numbers "000994" to "001112" are to the Bates Stamped pages annexed as Exhibit "C" to the Mendez Dec. All references to the "Complaint" are to the Complaint filed February 2, 2011 and annexed as Exhibit "E" to the Declaration of Daniel M. Meier dated November 28, 2011.

2

discretion in deciding to terminate benefits, [the Court] generally limit[s] [its] review to the administrative record, that is, to the 'evidence that was before the administrator when [it] made the decision being reviewed.'" *See Sivalingam v. Unum Provident Corp.,* 735 F.Supp.2d 189, 194 (E.D.Pa. 2010). quoting *Mitchell v. Eastman Kodak Co.,* 113 F.3d 433, 440 (3d Cir. 1997); s*ee also Marciniak v. Prudential Financial Ins. Co. of America,* 184 Fed. Appx. 266, 268 (3d Cir. 2006) ("holding that "the record for [an] arbitrary and capricious review of [an] ERISA benefits denial is the evidence that was before the plan administrator at the time of the benefit denial, which cannot be supplemented during litigation."); *Johnson v. UMWA Health & Retirement Funds*, 125 Fed. Appx. 400, 405 (3d Cir. 2005) (holding that the administrative record "is the record made before the plan administrator which cannot be supplemented during litigation.")*; see also Abnathya v. Hoffman-LaRoche, Inc.,* 2 F.3d 40 (3d Cir. 1993); *O'Sullivan v. Metropolitan Life Ins. Co.*, 114 F.Supp.2d 303, 309 (D.N.J. 2000) (holding that there is no applicable authority that would support looking beyond the administrative record when deferentially reviewing a plan administrator's factual determination that a claimant is ineligible for benefits); *Stout v. Bethlehem Steel Corp.* 957 F.Supp. 673, 691 (E.D.Pa.1997); *Teeter v. Supplemental Pension Plan of Consolidated Rail Corp.,* 705 F.Supp. 1089, 1095 (E.D.Pa.1989); *Richard* v. *Fleet Fin. Group Inc. LTD Employee Benefits Plan*, No. 09-2284-cv, 2010 WL 625003, *2 (2d Cir. Feb. 24, 2010); *Hobson* v. *Metropolitan Life Ins. Co.*, 573 F.3d 75, 89 (2d Cir. 2009); *Muller* v. *First Unum Life Ins. Co.*, 341 F.3d 119, 125 (2d Cir. 2003); *Miller* v. *United Welfare Fund*, 72 F.3d 1066, 1071 (2d Cir. 1995).

In support of his motion for summary judgment, Wright submitted the Kutyla Affidavit, to which he annexed several items of inadmissible extra-record evidence. Specifically, these exhibits include medical records from Wright's treating physicians that were not provided to Hartford during its administrative review of Wright's claim for continuing LTD benefits (*See* the Kutyla Affidavit ("Kutyla Aff.") at Exhibits "G-Z," "AA-AE"). Although several of the medical records included in

3

these exhibits were submitted to Hartford during its administrative review, many were not and thus, Hartford was never afforded the opportunity to consider this information prior to rendering its final determination regarding Wright's claim for continuing LTD benefits. Accordingly, the Court should strike Exhibits "G-Z" and "AA-AE" to the Kutyla Affidavit in their entirety, and only consider Wright's medical records that were actually before Hartford at the time it rendered its final adverse claim determination. All of those materials are already included in the administrative record previously filed with the court (*See* Mendez Dec., Exhibits A-D, filed on November 1, 2011). *See Conkright*, 130 S.Ct. at 1646; *see also Marciniak,* 184 Fed. Appx. at 268 (3d Cir. 2006); *Grimes* v. *Prudential Financial, Inc.*, No. 09-419 (FLW), 2010 WL 2667424, *1 (D.N.J. June 29, 2010); *Murray*, 2011 WL 1883189, *6 citing *Post,* 501 F.3d at 168, *overruled on other grounds,* 574 F.3d 230.

Also annexed to, Kutyla's Affidavit is a functional capacity and work ability assessment evaluation from Kinematics Consultants, Inc., which was conducted approximately six months *after* Hartford's final adverse determination letter and thus, was not before Hartford at the time it made its final claim determination. (*See* Kutyla Aff. at Exhibit "AI"). Kutyla's Affidavit also annexed an affidavit of Wright's treating physician Dr. David Garrison dated August 26, 2011, which was first submitted to Hartford during litigation, and well after the administrative record was closed. (*See* the Affidavit of Dr. Garrison annexed to the Kutyla Aff. at Exhibit "AG").[2] Again, Dr. Garrison's Affidavit is not a part of the administrative record concerning Wright's claim for continuing LTD benefits. Therefore, Dr. Garrison's Affidavit, as well as the functional capacity and work ability assessment evaluation from Kinematics Consultants, Inc., are extra-record submissions that cannot be considered by the Court in connection with the parties' respective dispositive motions because as

---

[2] Notably, immediately upon being served with Dr. Garrison's Affidavit dated August 26, 2011, Hartford sent plaintiff's counsel a letter dated September 1, 2011, in which it rejected this Affidavit and explained that it is plainly not part of the administrative record and thus, not evidence that the reviewing court may consider in connection with this matter. (*See* Defendant's September 1, 2011 letter annexed as Exhibit "A" to the Declaration of Daniel M. Meier in support of Defendant's Motion to Strike).

4

referenced above, this Court is not free to accept and review such extra-record material, which Hartford never had the chance to consider before it rendered its final claim determination. *See Conkright*, *supra*; *see also Marciniak*, *supra*; *Grimes*, *supra*; *Murray*, *supra*.

Consequently, this Court should strike Exhibits "G-Z," "AA-AE," "AG" and "AI" to the Kutyla Affidavit because they are not part of the administrative record to be reviewed in connection with the parties' pending dispositive motions.

**POINT II**
**THE COURT SHOULD STRIKE ALL PORTIONS OF THE KUTYLA AFFIDAVIT AND THE EXHIBITS ANNEXED THERETO THAT ARE UNAUTHENTICATED AND NOT BASED ON KUTYLA'S PERSONAL KNOWLEDGE**

In his Motion for Summary Judgment, Wright's attorney annexed and referred to several exhibits, including "A-C," "G-Z" and "AA-AJ,"[3] which were never properly authenticated and thus, must be stricken as inadmissible evidence. Furthermore, although Wright's attorney attached these exhibits to his Affidavit (the Kutyla Affidavit) in support of Wright's Motion for Summary Judgment indicating that he had personal knowledge, he did not indicate how he, as a Wright's attorney, has personal knowledge regarding the authenticity of these documents and thus, he has no basis upon which to authenticate the documents annexed to his Affidavit as Exhibits "A-C", "G-Z" and "AA-AJ." Furthermore, the paragraphs of Kutyla's[4] Affidavit numbered 12 through 19, which make reference to these inadmissible exhibits, must also be stricken from the record as Attorney Kutyla has provided absolutely no information showing that he possessed the requisite personal knowledge to make such statements.

---

[3] Notably, the only Exhibits annexed to his declaration that Hartford does not challenge include Exhibit "D," which is Levin's Summons and Complaint; Exhibit "E," which is the defendant's Answer; and Exhibit "F," which is a Stipulation of Dismissal with prejudice.
[4] Wright failed to file a full copy of the Kutyla Affidavit. Indeed, page two of the Kutyla Affidavit, which includes a portion of paragraph 3 and paragraphs 4 through 8, was never filed with the Court or served on defendant. (Doc. No. 30-1).

5

NY/756884v2

Pursuant to Rule 56(c)(4), FED. R. CIV. P., "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Moreover, exhibits attached thereto must be properly authenticated as required by Rule 901(a) of the Federal Rules of Evidence, which states that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." The Court must therefore strike any unauthenticated exhibits and statements contained in an attorney's affidavit in support of a motion for summary judgment where the attorney has no personal knowledge of the assertions and exhibits contained therein. *See Walker v. Spiller,* 1998 WL 306540, *5 (E.D.Pa. June 9, 1998) *citing Clark v. Clabaugh,* 20 F.3d 1290, 1294 (3d Cir. 1994); *Palomba v. Barish,* 626 F.Supp. 722, 725 n. 11 (E.D.Pa.1985); *Jones v. Waters,* 563 F.Supp. 817, 819 (E.D. Pa. 1983); *Martin v. Hartford Life and Acc. Ins. Co.*, No. 09-cv-6617 (CJS), 2011 WL 893221, *8 (W.D.N.Y. March 16, 2011) (striking plaintiff's attorney's unauthenticated exhibits attached to his affidavit).

Furthermore, case law in this District overwhelmingly supports Hartford's motion to strike Paragraphs 12 through 19 of the Kutyla Affidavit and the exhibits annexed thereto because he has no personal knowledge of the conclusory statements he makes or as to the authenticity of the documents he annexed in the exhibits referenced in those paragraphs and referenced above. *See Johnson v. Guhl*, 91 F.Supp.2d 754, 765 (D.N.J. 2000)(holding that only statements in an attorney's affidavit based on personal knowledge shall be considered by the Court); *see also John Deere Indus. Equipment Co. v. Tomasella* , 1990 WL 223521, *2 (D.N.J. Dec. 18, 1990). (holding that the affidavit of an attorney who lacks firsthand knowledge of the events does not satisfy the requirements of Fed R. Civ P. 56(e)); *San Filippo v. Bongiovanni,* 743 F.Supp. 327, 332 (D.N.J. 1990) (striking inadmissible

6

NY/756884v2

elements of an attorney's affidavit made without personal knowledge), *rev'd on other grounds,* 961 F.2d 1125 (3d Cir. 1992), *cert. denied* 506 U.S. 908, 113 S.Ct. 305, 121 L.Ed.2d 228 (1992).

Here, the Kutyla Affidavit improperly annexed a copy of: (1) the Hartford Plan documents, (Kutyla Aff. at Exhibit "A" and "AJ"); (2) Hartford's initial adverse determination letter dated August 4, 2009, (Kutyla Aff. at Exhibit "B"); (3) Hartford's final adverse determination letter dated February 25, 2009, (Kutyla Aff. at Exhibit "C"); (4) medical records from Wright's treating physicians, (*See* Kutyla Aff. at Exhibits "G-Z" and "AA-AE"); (5) a functional capacity and work ability assessment evaluation from Kinematics Consultants, Inc., (Kutyla Aff. at Exhibit "AI"); (6) surveillance footage depicting Wright performing strenuous physical labor, (Kutyla Aff. at Exhibit "AI"); (7) a job description for a Chase project manager, (Kutyla Aff. at Exhibit "AF"); and (8) an Affidavit from Wright's treating physician Dr. David Garrison dated August 26, 2011 that was first submitted during litigation. (Kutyla Aff. at Exhibit "AG"). Plaintiff's counsel fails to state that these documents are true and correct copies of what he identifies them to be. In addition, Wright's counsel also fails to explain the basis for the Court to consider this documentation as admissible evidence. Indeed, Wright's counsel has no personal knowledge of the accuracy or completeness of these documents. Therefore, Wright's counsel has no basis to authenticate those portions of these documents that he relies on in his Memorandum of Law. Accordingly, this Court should strike Exhibits "A-C," "G-Z," and AA-AJ" to the Kutyla Affidavit as well as paragraphs 12 through 19 which improperly reference these inadmissible exhibits.

## CONCLUSION

Accordingly, this Court should strike Exhibits "G-Z," "AA-AE," "AG" and "AI" of the Kutyla Affidavit in support of Wright's motion for summary judgment because they are improper, extra-record submissions that this Court may not consider in this action seeking LTD benefits under ERISA. This Court should also strike Exhibits "A-C," "G-Z," and "AA-AJ" to the Kutyla Affidavit

7

NY/756884v2

as well as paragraphs 12 through 19, on the grounds that this evidence is not properly authenticated or based on Wright's counsel's personal knowledge.

Dated:  New York, New York
       January 13, 2012

                                            Respectfully Submitted,

                                            <u>s/Daniel M. Meier</u>
                                            Michael H. Bernstein, *pro hac vice*
                                            Daniel M. Meier
                                            SEDGWICK LLP
                                            125 Broad Street, 39th Floor
                                            New York, New York 10004-2400
                                            Telephone: (212) 422-0202
                                            [SDMA File No 02489-000119]

SEDGWICK LLP
125 Broad Street, 39th Floor
New York, New York 10004-2400
Telephone: (212) 422-0202
Facsimile: (212) 422-0925
Attorneys for Defendants
Hartford Life and Accident Insurance Company s/h/a
The Hartford Benefit Management Services
 and GDB Claims and Services Operations

UNITED STATES DISTRICT COURT
DISTRICT COURT OF NEW JERSEY

-----------------------------------------------------------------x

| | |
|---|---|
| JAMES WRIGHT,<br><br>                             Plaintiff,<br><br>      -against-<br><br> THE HARTFORD BENEFIT MANAGEMENT SERVICES; GDB CLAIMS AND SERVICES OPERATIONS; ABC 1-10 (that being the names of the corporate entities, companies, partnership or individuals intended),<br><br>                             Defendants. | Civil No.: 2:11-cv-00602<br>Hon. Stanley R. Chesler, U.S.D.J.<br>Hon. Michael A. Shipp, U.S.M.J.<br><br>**PROOF OF MAILING** |

-----------------------------------------------------------------x

1. I, Daniel M. Meier, am an associate with the law firm of Sedgwick LLP, attorneys for HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY i/s/h/a THE HARTFORD BENEFIT MANAGEMENT SERVICES and GDB CLAIMS AND SERVICES OPERATIONS.

2. I hereby certify that I mailed a sealed package with postage pre-paid, via regular mail addressed to:

> Kevin T. Kutyla, Esq.
> 83 Spring Street
> Newton, NJ 07860
> (973) 940-8970
> Attorney for Plaintiff

NY/756884v2

3. This package contains a copy of defendant's Memorandum of Law in Support of its Motion to Stirke, which was filed with the court via ECF.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: January 13, 2012

                                              s/ Daniel M. Meier
                                                Daniel M. Meier, Esq. (DM- 041942006)