SEDGWICK LLP
Michael H. Bernstein
Daniel M. Meier
125 Broad Street, 39th Floor
New York, New York 10004-2400
Telephone: (212) 422-0202
Facsimile: (212) 422-0925
Attorneys for Defendants
Hartford Life and Accident
Insurance Company s/h/a
The Hartford Benefit Management
Services and GDB Claims and
Services Operations

UNITED STATES DISTRICT COURT
DISTRICT COURT OF NEW JERSEY

| | |
|---|---|
| JAMES WRIGHT,<br><br>Plaintiff,<br><br>-against-<br><br>THE HARTFORD BENEFIT MANAGEMENT SERVICES; GDB CLAIMS AND SERVICES OPERATIONS; ABC 1-10 (that being the names of the corporate entities, companies, partnership or individuals intended),<br><br>Defendants. | Civil No.: 2:11-cv-00602<br>Hon. Stanley R. Chesler, U.S.D.J.<br>Hon. Michael A. Shipp, U.S.M.J.<br><br>**DEFENDANT'S COUNTER STATEMENT TO RULE 56.1 STATEMENT**<br><br>*Motion Date: February 3, 2012* |

Pursuant to Rule 56.1(a) of the Local Civil and Criminal Rules of the United States District Court for the District of New Jersey, defendant Hartford Life and Accident Insurance Company s/h/a The Hartford Benefit Management Services, and GDB Claims and Services Operations by its attorneys, Sedgwick LLP, submits this Counter Statement to Plaintiff's unsigned/undated Rule 56.1 Statement of Material Facts, as follows:

## PRELIMINARY STATEMENT

Defendant states that it filed its Rule 56.1 Statement of Material Facts dated November 28, 2011, in support of its own motion for summary judgment. (*See* Doc. No.: 27). Rather than restating

those statements herein, defendant respectfully refers this Court to its Rule 56.1 Statement for supplemental facts asserted in opposition to Plaintiff's motion. (*Id.*).

**PRELIMINARY OBJECTIONS**

1. Defendant objects to each and every Statement to the extent that Plaintiff has failed to include citations to record evidence that would be admissible as set forth in Rule 56(e), FED. R. CIV. PROC.

2. Defendant objects to each and every Statement that references evidence that was not identified in a Rule 26(a) Disclosure Statement, or otherwise, produced in discovery.

3. Defendant objects to each and every Statement to the extent that it references hearsay evidence not attached to a sworn declaration or affidavit made on personal knowledge.

4. Defendant objects to each and every Statement to the extent it relies on information or evidence outside the administrative record to prove Plaintiff's alleged entitlement to benefits.

5. Defendant objects to each and every Statement to the extent that it treats issues of law as issues of fact.

6. Defendant objects to each and every Statement to the extent that it references "facts" that are not material to the pending motion for summary judgment.

7. Defendant objects to each and every Statement to the extent it is not a short and concise statement.

**RESPONSES**

1. Objects on the grounds that this Statement does not cite any admissible evidence.[1] To the extent a response is required, defendant admits that Wright's claims in this lawsuit should

[1] Defendant respectfully refers the Court to Point I(a) of its Memorandum of Law in support of its Motion to Strike for a detailed discussion of the law and facts supporting its argument that because Wright's counsel's supporting affidavit is not based on personal knowledge and plaintiff did not otherwise properly authenticate the exhibits annexed thereto, all of the extra-record documents

decided pursuant to the terms of the Group Long Term Disability Plan for Employees of JPMorgan Chase Bank Plan ("Plan"), which is an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et. seq.* ("ERISA"), and refers the Court to the language in the Plan. (1-40)[2]

2. Objects on the grounds that this Statement does not cite any admissible evidence. To the extent a response is required, defendants admit the Statement. (19).

3. Objects on the grounds that this Statement does not cite any admissible evidence. To the extent a response is required, defendant denies this Statement, but admits that Hartford issued a group policy of insurance to fund benefits under the Plan, identified by policy number GLT-675174, effective January 1, 2005, and Hartford was designated as the claims administrator for the Plan. (5, 19, 24).

4. Objects on the grounds that this Statement cites inadmissible evidence. To the extent a response is required, defendant denies this Statement, but admits that it awarded Wright LTD benefits from August 22, 2007 through August 3, 2009. (200-203; 147-153).

5. Objects on the grounds that this Statement does not cite any admissible evidence. To the extent a response is required, defendant admits this Statement, but refers the Court to language in the Plan. (21).

---

attached to Wright's counsel's affidavit are inadmissible, and the arguments presented there are incorporated by reference herein. (Docket Nos.: 46-49).

[2] All references to numbers "00001" through "000039" are to the Bates Stamped pages annexed as Exhibit "A" of the Declaration of Juan M. Mendez dated November 1, 2011 (the "Mendez Dec."). All references to numbers "000040" to "000993" are to the Bates Stamped pages annexed as Exhibit "B" to the Mendez Dec. All references to numbers "000994" to "001112" are to the Bates Stamped pages annexed as Exhibit "C" to the Mendez Dec. All references to the "Complaint" are to the Complaint filed February 2, 2011 and annexed as Exhibit "E" to the Declaration of Daniel M. Meier dated November 28, 2011.

6. Objects on the grounds that this Statement does not cite any admissible evidence. To the extent a response is required, defendant admits this Statement, but refers the Court to language in the Plan. (24).

7. Objects on the grounds that this Statement does not cite any admissible evidence. To the extent a response is required, defendant admits this Statement, but refers the Court to language in the Plan. (20).

8. Objects on the grounds that this Statement does not cite any admissible evidence. To the extent a response is required, defendant denies this Statement, and refers the Court to language in the Plan. (9).

9. Objects on the grounds that this Statement does not cite any admissible evidence. To the extent a response is required, defendant admits that by letter dated August 4, 2009, Hartford denied Wright's continuing claim for LTD benefits because after reviewing all of the information in his claim file, Hartford determined that he no longer met the Plan's definition of disability, but refers the Court to the actual language in Hartford's initial adverse benefit determination letter dated August 4, 2009. (165-172).

10. Objects on the grounds that this Statement does not cite any admissible evidence. Defendant also objects on the grounds that this Statement is not a short and concise statement. To the extent a response is required, defendant admits this Statement, but refers to the language in Wright's August 18, 2009 letter administratively appealing Hartford's initial adverse benefit determination letter dated August 4, 2009 as well as Hartford's final adverse determination letter dated February 25, 2010. (298-301; 147-153).

11. Objects on the grounds that this Statement does not cite any admissible evidence. Defendant also objects on the grounds that this Statement is convoluted and unintelligible as written and therefore is not a short and concise statement. To the extent a response is required, defendant

admits this Statement but refers to the actual language in Hartford's final adverse determination letter dated February 25, 2010. (147-153).

12. Objects on the grounds that this Statement does not cite any admissible evidence. Defendant also objects on the grounds that this Statement is convoluted and unintelligible as written and therefore is not a short and concise statement. To the extent a response is required, defendant denies this Statement, but admits that it did consider the SIU surveillance footage in its review of Wright's claim for continuing LTD benefits and refers the Court to the actual SIU surveillance footage. (298-301; 147-153; 1106; Exhibit "D").

13. Objects on the grounds that this Statement does not cite any admissible evidence. Defendant also objects to this Statement on the grounds that it cites inadmissible evidence outside of the administrative record.[3] To the extent a response is required, defendant admits this Statement, but refers the Court to the actual language in Hartford's final adverse determination letter dated February 25, 2010. (151).

14. Objects on the grounds that this Statement does not cite any admissible evidence. Defendant also objects to this Statement on the grounds that it cites inadmissible evidence outside of the administrative record. Defendant also objects on the grounds that this Statement is convoluted and unintelligible as written and therefore is not a short and concise statement. To the extent a response is required, defendant denies this Statement.

15. Objects on the grounds that this Statement does not cite any admissible evidence. Defendant also objects to this Statement on the grounds that it cites inadmissible evidence outside of the administrative record. Defendant also objects on the grounds that this Statement is

[3] Defendant respectfully refers the Court to Point I(b) of its Memorandum of Law in support of its Motion to Strike for a detailed discussion of the law and facts supporting its argument that Wright's extra-record submissions annexed to the Affidavit of Attorney Kevin Kutyla are inadmissible in this ERISA§502(a)(1)(B) claim for LTD benefits. (Docket Nos.: 46-49).

convoluted and unintelligible as written and therefore is not a short and concise statement. To the extent a response is required, defendant denies this Statement.

16. Objects on the grounds that this Statement does not cite any admissible evidence. Defendant also objects to this Statement on the grounds that it cites inadmissible evidence outside of the administrative record. Defendant also objects on the grounds that this Statement is convoluted and unintelligible as written and therefore is not a short and concise statement. To the extent a response is required, defendant denies this Statement.

17. Objects on the grounds that this Statement does not cite any admissible evidence. Defendant also objects to this Statement on the grounds that it cites inadmissible evidence outside of the administrative record. Defendant also objects on the grounds that this Statement is not a short and concise statement. To the extent a response is required, defendant denies that it ever referred Wright to Kinematic Consultants, Inc. for a functional capacity and work ability assessment evaluation nor did it rely on this evaluation during its review of Wright's claim for continuing LTD benefits. (1-1112).

18. Objects on the grounds that this Statement does not cite any admissible evidence. Defendant also objects to this Statement on the grounds that it cites inadmissible evidence outside of the administrative record. Defendant also objects on the grounds that this Statement is convoluted and unintelligible as written and therefore is not a short and concise statement. To the extent a response is required, defendant denies that it ever referred Wright to Kinematic Consultants, Inc. for a functional capacity and work ability assessment evaluation nor did it rely on this evaluation during its review of Wright's claim for continuing LTD benefits. (1-1112).

19. Objects on the grounds that this Statement does not cite any admissible evidence. Defendant also objects to this Statement on the grounds that it cites inadmissible evidence outside of the administrative record. Defendant also objects on the grounds that this Statement is

convoluted and unintelligible as written and therefore is not a short and concise statement. To the extent a response is required, defendant denies that it ever referred Wright to Kinematic Consultants, Inc. for a functional capacity and work ability assessment evaluation nor did it rely on this evaluation during its review of Wright's claim for continuing LTD benefits. (1-1112).

Dated: New York, New York
January 27, 2012

Respectfully submitted,

s/ Daniel M. Meier

Michael H. Bernstein, *pro hac vice*
Daniel M. Meier (DM- 041942006)
SEDGWICK LLP
*Attorneys for Defendants*
HARTFORD LIFE INSURANCE COMPANY
125 Broad Street, 39th Floor
New York, New York 10004
Tel: (212) 422-0202
Fax: (212) 422-0925
[SDMA File No, 02489-000119]

SEDGWICK LLP
125 Broad Street, 39th Floor
New York, New York 10004-2400
Telephone: (212) 422-0202
Facsimile: (212) 422-0925
Attorneys for Defendants
Hartford Life and Accident Insurance Company s/h/a
The Hartford Benefit Management Services and
GDB Claims and Services Operations

UNITED STATES DISTRICT COURT
DISTRICT COURT OF NEW JERSEY

| | |
|---|---|
| JAMES WRIGHT, Plaintiff, -against- THE HARTFORD BENEFIT MANAGEMENT SERVICES; GDB CLAIMS AND SERVICES OPERATIONS; ABC 1-10 (that being the names of the corporate entities, companies, partnership or individuals intended), Defendants. | Civil No.: 2:11-cv-00602<br>Hon. Stanley R. Chesler, U.S.D.J.<br>Hon. Michael A. Shipp, U.S.M.J.<br><br>**PROOF OF MAILING** |

1. I, Daniel M. Meier, am an associate with the law firm of Sedgwick LLP, attorneys for HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY s/h/a THE HARTFORD BENEFIT MANAGEMENT SERVICES and GDB CLAIMS AND SERVICES OPERATIONS.

2. I hereby certify that I mailed a sealed package with postage pre-paid, via regular mail addressed to:

Kevin T. Kutyla, Esq.
83 Spring Street
Newton, NJ 07860
(973) 940-8970
Attorney for Plaintiff

3. This package contained a copy of the Defendant's Counter Statement to Rule 56.1 Statement of Material Facts which was filed with the court via ECF.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: January 27, 2012

s/ Daniel M. Meier
Daniel M. Meier, Esq. (DM- 041942006)