**KEVIN T. KUTYLA, ESQ.**
83 Spring Street
Newton, NJ  07860
(973) 940-8970 / (973) 940-8973 (fax)
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **JAMES WRIGHT,**<br><br>          Plaintiff(s),<br><br>     -against-<br><br>**HARTFORD FINANCIAL SERVICES GROUP; THE HARTFORD BENEFIT MANAGEMENT SERVICES; GDB CLAIMS AND SERVICES OPERATIONS; ABC 1-10 (that being the names of the corporate entities, companies, partnership or individuals intended),**<br><br>          Defendant(s). | Civil Action No.: 2:11-cv-00602<br>Hon. Stanley R. Chesler,<br> U.S.D.J.<br>Hon. Michael A. Shipp, U.S.M.J. |

_____

**BRIEF IN RESPONSE TO DEFENDANT'S
MOTION TO STRIKE
PLAINTIFF'S ATTORNEY'S AFFIDAVIT AND EXHIBITS**

_____

On the Brief:
Kevin T. Kutyla, Esq.
83 Spring Street, Ste. 302B
Newton, NJ  07860

**TABLE OF CONTENTS**

PAGE

**LEGAL ARGUMENT**............................................................................................................ 1

    **POINT I:**

        DR. GARRISON'S AFFIDAVIT SHOULD NOT BE
        STRICKEN FROM PLAINTIFF'S SUMMARY
        JUDGMENT MOTION................................................................. 1

**TABLE OF AUTHORITIES**

*Baker v. Harford Life Ins. Co., et al.*,
    2010 U.S. Dist. LEXIS 52742………………………………………………….. 3

*Metro Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008)………………… 2

*Marciniak v. Prudential Fin. Ins. Co. of Am.*,
    184 Fed. Appx. 266 (3d Cir. Pa. 2006)……………………………………. 1, 2

*Smathers v. Multi-Tool, Inc.*, 298 F.3d 191 (3d Cir. 2002)…. 1

**POINT I**

**<u>DR. GARRISON'S AFFIDAVIT SHOULD
NOT BE STRICKEN FROM PLAINTIFF'S SUMMARY
JUDGMENT MOTION</u>**

Defendant seeks to strike the Affidavit of David M. Garrison, M.D. attached to the affidavit of Kevin T. Kutyla by claiming that Dr. Garrison's affidavit is evidence that was not before Hartford's administrator at the time of his decision. *Smathers v. Multi-Tool, Inc.*, 298 F.3d 191, 199-200 (3d Cir. 2002); *Marciniak v. Prudential Fin. Ins. Co. of Am.*, 184 Fed. Appx. 266 (3d Cir. Pa. 2006)

Plaintiff submitted an affidavit by Dr. Garrison in support of plaintiff's Motion for Summary Judgment.  Plaintiff submitted this affidavit to show a genuine issue of material of fact existed as what Dr. Garrison, plaintiff's treating physician, told the Hartford and its hired expert, Dr. Kertsman during Hartford's decision making process.  This is evident by Dr. Garrison's statement, "I have read the decision of Juan M. Mendez, the appeal Specialist for the Hartford Insurance Company and note that decision contains inaccurate and incomplete information."

1

Plaintiff is not trying to submit any new evidence to this court, but rather is trying to shed light on the actual review process which Dr. Garrison claims has been mischaracterized by the Hartford, its employee, Juan Mendez and its hired expert, Dr. Kertsman.

In *Marciniak v. Prudential Fin. Ins. Co. of Am.*, 184 Fed. Appx. 266 (3d Cir. Pa. 2006), the plaintiff argued that the District Court erred when it refused to consider other evidence outside the administrative record; specifically evidence of Marciniak's surgeries in the year prior to the appeal.  While the Court has made it clear that "the record for arbitrary and capricious review of ERISA benefits denial is the evidence that was before the plan administrator at the time of the benefit denial, which cannot be supplemental during litigation."  *Id.* at 269.  This court further a held that, "…it may consider evidence of potential biases and conflicts of interest that are not found in the administrator's record." *Id.* at 269.

In this way, Dr. Garrison's affidavit is similar to the Statement of Juan Mendez which was proffered by the Hartford to mitigate the inherent conflict that exists because Hartford is both the administrator and decision maker in the subject Group Benefit Plan. *Metropolitan Life Insurance Co. v. Glenn*, 554 U.S. 105 (2008).

2

Further, anything that was said to Hartford or its representatives, including Dr. Kertsman, would be considered a part of the administrative record and therefore, plaintiff should be able to submit evidence of what was or was not said during the conversation between Hartford or its representatives. In a case decided by this Court, *Baker v. Hartford Life Ins. Co.*, et al., 2010 U.S. Dist. LEXIS 52742, the court denied Hartford's Motion to Strike the sworn statement of the plaintiff, Baker's treating physician.  In denying Hartford's motion to strike, Judge Wolfson stated, "In my view, Defendant [Hartford] mischaracterizes the purpose of Dr. Dashevsky's sworn statement.  Plaintiff is trying to shed light on the conversation between Dr. Nemunaitis [Hartford's hired expert] and Dr. Dashevsky, which formed the basis of Dr. Nemumaitis's report. Anything that was said to Dr. Nemunaitis during that conversation would be considered a part of the administrative record…" *Id.* at 21.

Another reason this Court should not strike the affidavit of Dr. Garrison is because it is also used to authenticate the

3

records that were submitted to Hartford during this summary judgment motion and also during the decision making process.

Respectfully submitted,

/s/ Kevin T. Kutyla