SEDGWICK LLP
Michael H. Bernstein, *pro hac vice*
Daniel M. Meier
125 Broad Street, 39th Floor
New York, New York 10004-2400
Telephone: (212) 422-0202
Facsimile: (212) 422-0925
Attorneys for Defendants
Hartford Life and Accident
Insurance Company s/h/a
The Hartford Benefit Management
Services and GDB Claims and
Services Operations

UNITED STATES DISTRICT COURT
DISTRICT COURT OF NEW JERSEY

| JAMES WRIGHT,<br><br>Plaintiff,<br><br>-against-<br><br>THE HARTFORD BENEFIT MANAGEMENT SERVICES; GDB CLAIMS AND SERVICES OPERATIONS; ABC 1-10 (that being the names of the corporate entities, companies, partnership or individuals intended),<br><br>Defendants. | Civil No.: 2:11-cv-00602<br>Hon. Stanley R. Chesler, U.S.D.J.<br>Hon. Michael A. Shipp, U.S.M.J.<br><br>**DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO STRIKE PORTIONS OF THE PLAINTIFF'S ATTORNEY'S AFFIDAVIT AND SEVERAL OF THE EXHIBITS ANNEXED THERETO**<br><br>***Motion Date: February 21, 2012*** |
|---|---|

## TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES ..... ii

PRELIMINARY STATEMENT ..... 1

ARGUMENT ..... 2

POINT I

THIS COURT SHOULD STRIKE ALL EXHIBITS TO THE KUTYLA AFFIDAVIT BECAUSE THEY ARE NOT PART OF THE ADMINISTRATIVE RECORD ..... 2

A. Wright's Extra-Record Submissions Must Be Stricken As Improper and Unauthenticated ..... 3

B. Dr. Garrison's Affidavit Constitutes Improper Extra-Record Testimony and Must Be Stricken ..... 4

POINT II

WRIGHT'S AMENDED RULE 56.1 STATEMENT IS PROCEDURALLY IMPROPER AND SHOULD BE STRIKEN ..... 8

CONCLUSION ..... 10

**TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Abnathya v. Hoffman-LaRoche, Inc.,*
2 F.3d 40 (3d Cir. 1993)....................3

*Baker v. The Hartford Life Ins. Co*,
No. 08–cv–6382, 2010 WL 2179150 (D.N.J. May 28, 2010).................... 5, 6

*Bergquist* v. *Aetna U.S. Healthcare,*
289 F. Supp. 2d 400 (S.D.N.Y. 2003).................... 5, 7

*Capital Funding v. Chase Manhattan Bank USA*,
191 Fed. Appx. 92 (3d Cir. 2006)....................9

*Clark v. Clabaugh,*
20 F.3d 1290 (3d Cir. 1994) ....................4

*Das v. UNUM Life Ins. Co. of America,*
222 Fed.Appx. 126 (3d Cir. 2007).................... 5, 7

*Fortune* v. *Group Long Term Disability Plan For Employees Of Keyspan Corp.*,
391 Fed. Appx. 74 (2d Cir. 2010)....................8

*Hobson* v. *Metropolitan Life Ins. Co.*,
574 F.3d 75 (2d Cir. 2009) ....................3

*J.F. Feeser. Inc. v. Serv-A-Porton*,
909 F.2d 1524 (3d Cir. 1990) ....................9

*John Deere Indus. Equipment Co. v. Tomasella* ,
1990 WL 223521 (D.N.J. Dec. 18, 1990)....................4

*Johnson v. Guhl*,
91 F.Supp.2d 754 (D.N.J. 2000)....................4

*Johnson v. UMWA Health & Retirement Funds*,
125 Fed. Appx. 400 (3d Cir. 2005) .................... 2, 3

*Kosiba v. Merck & Co.*,
No. 98-3571, 2011 WL 843927 (D.N.J., March 7, 2011) ....................8

*Marsh v. Crucible Inc. 1975 Salaried Retirement Plan*,
783 F. Supp. 938 (W.D. Pa. 1992),
*aff'd* 977 F.2d 568 (3d Cir. 1992) ....................9

*Martin v. Hartford Life and Acc. Ins. Co.*,
No. 09-cv-6617 (CJS), 2011 WL 893221 (W.D.N.Y. March 16, 2011) ....................4

*McCauley* v. *First Unum Life Ins. Co.*,
551 F.3d 126 (2d Cir. 2008) ....................8

*Metro. Life Ins. Co.* v. *Glenn*,
554 U.S. 105 (2008) ....................7

*Miller* v. *United Welfare Fund*,
72 F.3d 1066 (2d Cir. 1995) ....................3

*Mitchell v. Eastman Kodak Co.,*
113 F.3d 433 (3d Cir. 1997) ....................2

*Muller* v. *First Unum Life Ins. Co.*,
341 F.3d 119 (2d Cir. 2003) ....................3

*Murray v. IBEW Local Union No. 98 Pension Plan*,
2011 WL 1883189 (E.D. Pa. May 17, 2011) ....................3

*O'Sullivan v. Metropolitan Life Ins. Co.*,
114 F.Supp.2d 303 (D.N.J. 2000) .................... 2, 3

*Richard* v. *Fleet Fin. Group Inc. LTD Employee Benefits Plan*,
367 Fed. Appx. 230 (2d Cir. 2010) .................... 3, 8

*Salute* v. *Aetna Life Ins Co.*,
No. 04 CV 2035 (TCP)(MLO), 2005 WL 1962254 (E.D.N.Y. Aug. 9, 2005) .................... 5, 7

*San Filippo v. Bongiovanni,*
743 F. Supp. 327 (D.N.J. 1990),
*rev'd on other grounds,* 961 F.2d 1125 (3d Cir. 1992). ....................4

*Schoch v. First Fidelity Bancorporation*,
912 F.2d 654 (3d Cir.1990) ....................9

*Sivalingam v. Unum Provident Corp.,*
735 F. Supp. 2d 189 (E.D. Pa. 2010) ....................3

*Stout v. Bethlehem Steel Corp.*
957 F. Supp. 673 (E.D.Pa.1997) ....................3

*Teeter v. Supplemental Pension Plan of Consolidated Rail Corp.,*
705 F. Supp. 1089 (E.D.Pa.1989) ....................3

*Walker v. Spiller,*
1998 WL 306540 (E.D.Pa. June 9, 1998) ....................4

*Williams v. Borough of West Chester*,
891 F.2d 458 (3d Cir. 1989) ....................................................................................................................9

**STATUTES**

Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.* (“ERISA”)......................1

ERISA § 502(a)(1)(B) .................................................................................................................................5

**RULES**

Fed. R. Civ. P. 56 .......................................................................................................................................9

Local Rule 56.1(a) ............................................................................................................................... 9, 10

**PRELIMINARY STATEMENT**

This reply memorandum of law is respectfully submitted in further support of Defendant, Hartford Life & Accident Insurance Company's ("Hartford") motion pursuant to Rule 56(e), FED. R. CIV, for an Order striking certain portions of Kevin T. Kutyla's, Esq.'s Affidavit ("Kutyla Affidavit") – specifically, Paragraphs 12-19 and Exhibits "A-C," "G-Z," and "AA-AJ" attached thereto – that were submitted in support of Wright's motion for summary judgment.

This action involves Wright's claim for long-term disability ("LTD") benefits under the Group Long Term Disability Plan for the employees of JPMorgan Chase Bank (the "Plan"), which is an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.* ("ERISA"). As a preliminary matter, Wright concedes in his opposition that the majority of the records annexed to the Kutyla Affidavit are outside the administrative record and, as such, are inadmissible as a matter of law. Furthermore, Wright essentially admits that he failed to properly authenticate each and every Exhibit annexed to the Kutyla Affidavit and accordingly, these materials are inadmissible as a matter of law for this reason as well.

The only extra-record submission that Wright argues should be considered by the Court is the Affidavit of his treating internist, Dr. David Garrison, which was submitted for the first time during this litigation. Although Wright argues that Dr. Garrison's Affidavit should be considered by the Court in order to "clarify" a discussion he had with independent medical record peer review consultant Dr. Eric Kerstman, Dr. Kerstman's report includes a discussion of Dr. Garrison's conclusory medical opinion concerning Wright's alleged disability, which Wright does not even assert was mischaracterized. Thus, no "clarification" of Dr. Garrison's opinion is necessary. Furthermore, Wright offers no legal authority to support his argument that the Court can consider the extra-record medical opinions contained in 18 of

the 20 paragraphs of Dr. Garrison's Affidavit, which do not in any way reference his conversation with Dr. Kerstman.

Wright also improperly requests leave of Court to file a proposed Amended Rule 56.1 Statement of Material Facts because each statement of material fact in his initial Rule 56.1 Statement relied on inadmissible evidence. This request is improper and untimely. If the court grants this request Hartford will be put to significant cost and expense, which is unnecessary because Wright should have referenced proper, admissible evidence in his first submission, but failed to do so.

For these reasons, and as discussed more fully below, this Court should grant Hartford's motion to strike Paragraphs 12-19 and Exhibits "A-C," "G-Z," and "AA-AJ" to the Kutyla Affidavit; strike Wright's initial Rule 56.1 Statement because it solely relies on inadmissible evidence; and deny Wright's request for leave to file an Amended Rule 56.1 Statement with prejudice.

## ARGUMENT

## POINT I

## THIS COURT SHOULD STRIKE ALL EXHIBITS TO THE KUTYLA AFFIDAVIT BECAUSE THEY ARE NOT PART OF THE ADMINISTRATIVE RECORD

Wright concedes that the appropriate standard of review in this case is the deferential arbitrary and capricious standard of review. (Wright's Memorandum of Law in Opposition to Hartford Motion for Summary Judgment dated January 27, 2012, Doc. No. 54 ("Plaintiff's SJ Opp.") at p. 2). It is well settled that when performing its review pursuant to this standard, the Court must not consider any evidence outside of the "administrative record," which consists solely of those documents before the claims administrator at the time it rendered its final benefit determination. *See O'Sullivan v. Metropolitan Life Ins. Co.*, 114 F.Supp.2d 303, 309 (D.N.J. 2000); *Johnson v. UMWA Health & Retirement Funds*, 125 Fed. Appx. 400, 405 (3d Cir. 2005); *Mitchell v. Eastman Kodak Co.,* 113 F.3d 433, 440 (3d Cir. 1997); *Murray v. IBEW Local Union No. 98 Pension Plan*,

2011 WL 1883189, 6 (E.D. Pa. May 17, 2011); *Sivalingam v. Unum Provident Corp.,* 735 F. Supp. 2d 189, 194 (E.D. Pa. 2010); *Abnathya v. Hoffman-LaRoche, Inc.,* 2 F.3d 40 (3d Cir. 1993); *Stout v. Bethlehem Steel Corp.* 957 F. Supp. 673, 691 (E.D.Pa.1997); *Teeter v. Supplemental Pension Plan of Consolidated Rail Corp.,* 705 F. Supp. 1089, 1095 (E.D.Pa.1989); *Richard* v. *Fleet Fin. Group Inc. LTD Employee Benefits Plan*, 367 Fed. Appx. 230, 233 (2d Cir. 2010); *Hobson* v. *Metropolitan Life Ins. Co.*, 574 F.3d 75, 89 (2d Cir. 2009); *Muller* v. *First Unum Life Ins. Co.*, 341 F.3d 119, 125 (2d Cir. 2003); *Miller* v. *United Welfare Fund*, 72 F.3d 1066, 1071 (2d Cir. 1995).

**A. <u>Wright's Extra-Record Submissions Must Be Stricken As Improper and Unauthenticated</u>**

Wright admits that several of the Exhibits annexed to the Kutyla Affidavit are improper extra-record submissions that must not be considered by this Court. (*See* Affidavit of Kevin Kutyla in Opposition to Hartford's Motion to Strike "Kutyla Opp." ¶¶ 7, 8). Wright's explanation that he "placed very little reliance on these subsequent records in [his] brief in support of summary judgment" does not change the fact that these documents were improperly placed before the court and that Wright relies on them, at least to some extent, in his summary judgment motion. (*Id.*). Based on this admission alone, these exhibits should be stricken. *Johnson v. UMWA Health & Retirement Funds*, 125 Fed. Appx. 400, 405 (3d Cir. 2005); *O'Sullivan*, 114 F.Supp.2d at 309.

Wright also generally argues that many of the Exhibits annexed to the Kutyla Affidavit are documents that also exist in the administrative record submitted by Hartford in support of its motion for summary judgment. (Kutyla Opp.¶¶ 4-6; *see also* Hartford's Administrative Record annexed to the Declaration of Juan Mendez ("Mendez Declaration") dated November 1, 2011 as Exhibits "A, B and C"). While this may be true, Wright admits that sifting through the voluminous Exhibits annexed to the Kutyla Affidavit to determine which of these materials also exists in the administrative record would be unnecessarily burdensome to the Court, especially since Hartford has already submitted a complete copy of the authenticated and admissible administrative record

with its Motion for Summary Judgment, which Wright has never challenged as being incomplete. (Kutyla Opp. ¶¶ 4, 10).

Furthermore, while some of the Exhibits to the Kutyla Affidavit may also be part of administrative record, they are still inadmissible in the form he proffers them because none of these documents has been properly authenticated. *See Walker v. Spiller,* 1998 WL 306540, *5 (E.D.Pa. June 9, 1998) *citing Clark v. Clabaugh,* 20 F.3d 1290, 1294 (3d Cir. 1994) ; *Martin v. Hartford Life and Acc. Ins. Co.*, No. 09-cv-6617 (CJS), 2011 WL 893221, *8 (W.D.N.Y. March 16, 2011) (striking plaintiff's attorney's unauthenticated exhibits attached to his affidavit).[1] Paragraphs 12 through 19 of the Kutyla Affidavit were admittedly made without personal knowledge of the facts and thus, these statements and the references to the authenticated exhibits referenced in these paragraph should be stricken along with the exhibits themselves. *See Johnson v. Guhl*, 91 F.Supp.2d 754, 765 (D.N.J. 2000); *John Deere Indus. Equipment Co. v. Tomasella* , 1990 WL 223521, *2 (D.N.J. Dec. 18, 1990); *San Filippo v. Bongiovanni,* 743 F. Supp. 327, 332 (D.N.J. 1990), *rev'd on other grounds,* 961 F.2d 1125 (3d Cir. 1992).

**B. <u>Dr. Garrison's Affidavit Constitutes Improper Extra-Record Testimony and Must Be Stricken</u>**

Wright argues that the Court should review his treating internist, Dr. David Garrison's, Affidavit since it purportedly does not contain new extra-record evidence. (Wright's Brief in Response to Defendant's Motion to Strike Plaintiff's Attorney's Affidavit and Exhibits, dated January 27, 2010, Doc. No. 53 ("Plaintiff's Opp.") at p.3). Specifically, Wright contends that Dr. Garrison's Affidavit has been submitted to "clarify" the substance of a conversation between himself and independent medical record peer review physician Dr. Eric Kerstman regarding Wright's functional capacity, which Dr. Garrison claims was misrepresented in Dr. Kerstman's

[1] Wright's argument that he can authenticate two of the exhibits, letters that were sent to Attorney Kutyla's office, is unavailing. (Kutyla's Opp. ¶5 (ii) (iii)). Regardless of Attorney Kutyla's assertions as to what he is able to authenticate, he did not, in fact, authenticate these documents at any time during this litigation.

report. (Plaintiff's Opp." p. 3). A review of Dr. Garrison's Affidavit, however, demonstrates that Dr. Garrison is not seeking to clarify this conversation and that Wright is using this purported excuse for an improper submission as a pretext to introduce Dr. Garrison's extra-record medical opinions, which is not permitted in this ERISA § 502(a)(1)(B) action. *See Das v. UNUM Life Ins. Co. of America,* 222 Fed.Appx. 126, 133 (3d Cir. 2007); *see also Salute* v. *Aetna Life Ins Co.*, No. 04 CV 2035 (TCP)(MLO), 2005 WL 1962254, *6 (E.D.N.Y. Aug. 9, 2005); *Bergquist* v. *Aetna U.S. Healthcare,* 289 F. Supp. 2d 400, 411 (S.D.N.Y. 2003).

Wright cites to *Baker v. The Hartford Life Ins. Co*, No. 08–cv–6382, 2010 WL 2179150 (D.N.J. May 28, 2010), an inapposite, unpublished decision, to support his argument that Dr. Garrison's Affidavit should be considered by the Court. (Plaintiff's Opp. p. 3). In *Baker*, the plaintiff submitted an affidavit from his treating physician clarifying an opinion that he provided during a conversation with an independent medical record peer review physician, which he claimed was not included in the peer review report and thus, not considered by the claim administrator. The Court held that the plaintiff was only entitled to submit evidence concerning what was or was not said during the specific conversation at issue. *Baker*, 2010 WL 2179150, *7, n.6. In his Affidavit, Dr. Garrison states that if Hartford, or the peer review physicians, had asked him about Wright's functional capacity, he would have responded that Wright was unable to work in any capacity due to the side-effects of his medications. (Exhibit "AG," ¶ 18) This opinion by Dr. Garrison is already well-documented in the administrative record and therefore, adds no clarification to his dialogue with Dr. Kerstman. Dr. Garrison did not provide any "clarification" of what was said during his conversation with Dr. Kerstman. The administrative record reflects that, Dr. Kerstman acknowledged Dr. Garrison's opinion that Wright was not capable of working in any capacity and that he deferred to the pain

management physician concerning specific restrictions and limitations.[2] (221)[3]. This is consistent with the following statements in Dr. Garrison's Affidavit: "I told the person on the phone that while I had received a DVD I had not reviewed the same. I told the person that while Mr. Wright is capable of doing yard work for an hour or two, his chronic pain and the side effects of his medication prevent him from being gainfully employed." (Dr. Garrison's Affidavit annexed to Kutyla's Affidavit as "Exhibit 'AG,'" ¶¶ 10). Accordingly, the two sentences in Dr. Garrison's Affidavit referencing his conversation with Dr. Kerstman only serve to reiterate and confirm, but not "clarify," Dr. Kerstman's description of that conversation in his report. Certainly, Dr. Garrison's Affidavit does not contradict or add relevant material information not already included in the report about this conversation, as was the case in *Baker*. This court should not countenance Wright's transparent attempt to accrete the administrative record with Dr. Garrison's Affidavit based on this pretext.

Similarly, Dr. Garrison's statement that Dr. Choi inaccurately reported that he had called Dr. Garrison, but that Dr. Garrison did not respond (Exhibit "AG," ¶¶ 9), is also an improper extra-record statement that does not serve to "clarify" the basis for Dr. Choi's report or his opinions

---

2 Although Wright does not specify exactly what information Dr. Kerstman purportedly misrepresented, any argument by Wright that Dr. Kerstman did not consider Dr. Garrison's conclusory opinion that Wright's functional capacity was detrimentally affected by the side-effects of his prescription medications is belied by the administrative record. For the sake of brevity, Hartford refers the Court to Point II (B) of Hartford's Memorandum of Law in Opposition to Wright's Motion for Summary Judgment ("Hartford's Opp."), for a discussion of the law and facts on this point, which demonstrate that while Hartford considered Wright's and Dr. Garrison's assertion that he was disabled by the side-effects of his medication, the administrative record is devoid of any evidence showing that his functional capacity was detrimentally affected in the manner he claims, and those arguments are incorporated herein by reference. (Hartford's Opp. pp. 6-8).

3 All references to numbers "00001" through "000039" are to the Bates Stamped pages annexed as Exhibit "A" of the Declaration of Juan M. Mendez dated November 1, 2011 (the "Mendez Dec."). All references to numbers "000040" to "000993" are to the Bates Stamped pages annexed as Exhibit "B" to the Mendez Dec. All references to numbers "000994" to "001112" are to the Bates Stamped pages annexed as Exhibit "C" to the Mendez Dec. All references to the "Complaint" are to the Complaint filed February 2, 2011 and annexed as Exhibit "E" to the Declaration of Daniel M. Meier dated November 28, 2011.

concerning Wright's functional abilities. In fact, Dr. Choi's inability to reach Dr. Garrison was not a basis for his opinion. Notably, Dr. Garrison does not dispute the fact that he never actually spoke to Dr. Choi, so there is nothing of material consequence for him to "clarify."

Beyond the two paragraphs concerning his discussions (or lack thereof) with Drs. Kerstman and Choi, which as established above are inadmissible, Dr. Garrison's Affidavit contains 18 other paragraphs offering additional extra-record medical opinions and other information that are not related to his conversations with the peer review physicians. (Exhibit "AG," ¶¶ 1-8, 11-20). Manifestly, these paragraphs include improper extra-record medical evidence that was not submitted to Hartford during its claim review process. Notably, during its review of Wright's claim, Hartford asked Dr. Garrison to submit his opinions concerning Wright's functional abilities but he refused to do so. (110, 392). Wright is not permitted to now add Dr. Garrison's belated opinion for consideration long after the administrative record was closed. *See Das v. UNUM Life Ins. Co. of America,* 222 Fed.Appx. 126, 133 (3d Cir. 2007); *see also Salute* v. *Aetna Life Ins Co.*, No. 04 CV 2035 (TCP)(MLO), 2005 WL 1962254, *6 (E.D.N.Y. Aug. 9, 2005); *Bergquist* v. *Aetna U.S. Healthcare,* 289 F. Supp. 2d 400, 411 (S.D.N.Y. 2003).

Wright also argues, without any legal support, that the Court should consider Dr. Garrison's Affidavit because Hartford submitted the Mendez Declaration in support of its motion for summary judgment. (Plaintiff's Opp. at 2). This argument is a total *non sequitur.* Unlike Wright's improper efforts to expand the administrative record with materials addressing to the substance of his claimed disability, Hartford submitted the Mendez Declaration to demonstrate the significant affirmative steps it has taken to reduce any potential influence of its structural conflict of interest on its claim decision-making. *See Metro. Life Ins. Co.* v. *Glenn*, 554 U.S. 105, 117 (2008). Numerous courts have acknowledged that they may consider evidence outside of the administrative record to determine whether a dual role insurance company has taken active steps to reduce the potential for conflict of

interest to affect its decision-making. *See Kosiba v. Merck & Co.*, No. 98-3571, 2011 WL 843927, *20 (D.N.J., March 7, 2011); *see also McCauley* v. *First Unum Life Ins. Co.*, 551 F.3d 126, 137 (2d Cir. 2008); *Fortune* v. *Group Long Term Disability Plan For Employees Of Keyspan Corp.*, 391 Fed. Appx. 74, 78 (2d Cir. 2010). In contrast, Wright has not alleged that Dr. Garrison's Affidavit is relevant to the question of Hartford's alleged conflict of interest. Instead, Wright seeks to utilize Dr. Garrison's affidavit to challenge Hartford's substantive determination with medical opinions that were not submitted to Hartford during its claim review process, which he may not do. *See Richard,* 367 Fed Appx. at 233.

Lastly Wright argues that Dr. Garrison's Affidavit should not be stricken because it authenticates the records his office submitted to Hartford. (Plaintiff's Opp. pp. 3-4). This argument is contradicted by Dr. Garrison's Affidavit, itself, which does not purport to authenticate his medical records. Moreover, even if Dr. Garrison's Affidavit had authenticated his records, that still would not provide any legal basis providing him carte blanche ability to submit any extra-record documents and/or opinions for the Court's consideration on the parties' competing dispositive motions.

## POINT II

## WRIGHT'S AMENDED RULE 56.1 STATEMENT IS PROCEDURALLY IMPROPER AND SHOULD BE STRIKEN

As referenced above, Wright's counsel admits that he improperly submitted inadmissible, extra-record evidence in support of Wright's motion for summary judgment, which he improperly cited to support each and every statement of material fact in Wright's Rule 56.1 Statement of Material Facts ("Rule 56.1 Statement"). (Kutyla's Opp.¶¶ 7, 8). Since Wright acknowledges that his reliance on inadmissible evidence should not be considered by the Court, he now asks leave of Court to file an amended Rule 56.1 Statement in his opposition. (Kutyla's Opp.¶¶ 9, 10). Hartford objects to this request as it is improper and would put Hartford at a significant disadvantage.

Under Local Rule 56.1 of the Local Civil and Criminal Rules of the United States District Court for the District of New Jersey ("L.R."), Wright was required to submit a Rule 56.1 statement, along with his motion for summary judgment, supported by admissible evidence. *See* L.R. 56.1(a); *see also Capital Funding v. Chase Manhattan Bank USA*, 191 Fed. Appx. 92, 96 (3d Cir. 2006) "([O]nly evidence admissible at trial may be considered in ruling on a motion for summary judgement"); *J.F. Feeser. Inc. v. Serv-A-Porton*, 909 F.2d 1524, 1542 (3d Cir. 1990) (quoting *Williams v. Borough of West Chester*, 891 F.2d 458 (3d Cir. 1989) (finding that Fed. R. Civ. P. 56 requires the production, at the summary judgment stage, of evidence "'as would be admissible at trial' . . .and thus 'reduc[ible] to admissible evidence.'"); *Marsh v. Crucible Inc. 1975 Salaried Retirement Plan*, 783 F. Supp. 938, 944 (W.D. Pa. 1992), *aff'd* 977 F.2d 568 (3d Cir. 1992) (citing *Schoch v. First Fidelity Bancorporation*, 912 F.2d 654, 662 (3d Cir.1990) (finding that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment). But by his own admission, Wright failed to act in accordance with this most basic evidentiary principle and instead, relied on inadmissible evidence. (Kutyla's Opp.¶¶ 7-10). Moreover, while Hartford pointed out these deficiencies in its Motion to Strike that was filed on January 13, 2012, Wright inexplicably waited until January 27, 2012, which was after Hartford filed its Counter-Statement to Wright's Rule 56.1 Statement to request the above-referenced relief. Hartford should not bear the burden of having to prepare a new Counter-Statement to Wright's proposed Amended Rule 56.1 statement due to Wright's failure to cite to admissible evidence in support of his motion in the first place.

Furthermore, from a procedural standpoint, Wright did not properly file a motion for leave of Court to file his proposed Amended Rule 56.1 Statement. Instead, he merely sought that leave in his attorney's Affidavit submitted in opposition to Hartford's Motion to Strike. (Kutyla's Opp.¶¶9-10). In doing so, Wright has not properly alerted the Court to this request, and the Court will not review, and/or grant or deny, this request until after the parties' respective motions for summary

judgment are filed on February 21, 2012. This effectively strips Hartford of its right to respond to Wright's Amended Rule 56.1 Statement, which leaves Hartford at a significant disadvantage. Furthermore, Wright had the opportunity to redress his mistake by filing a supplemental statement of disputed material facts along with his Brief in Opposition to Hartford's Motion for Summary Judgment to substantiate the factual basis for his opposition. *See* L.R. 56.1(a) Instead, Wright chose to ignore this opportunity and then attempted to file an improper amended Rule 56.1 Statement without leave of court. Accordingly, Hartford requests that the Court deny Wright's improper and belated request for leave to amend his Rule 56.1 Statement and Strike his initial Rule 56.1 Statement because it relies solely on inadmissible evidence.

**CONCLUSION**

For the foregoing reasons, this Court should strike Exhibits "A-C," "G-Z," and "AA-AJ" to the Kutyla Affidavit in support of Wright's motion for summary judgment along with paragraphs 12 through 19 of the Affidavit; strike Wright's initial Rule 56.1 Statement because it solely relies on inadmissible evidence; and deny Wright's request for leave to file an Amended Rule 56.1 Statement with prejudice

Dated: New York, New York
February 21, 2012

Respectfully Submitted,

s/ Daniel M. Meier

Michael H. Bernstein, *pro hac vice*
Daniel M. Meier (DM- 041942006)
SEDGWICK LLP
125 Broad Street, 39th Floor
New York, New York 10004-2400
Telephone: (212) 422-0202
[SDMA File No 02489-000119]

SEDGWICK LLP
125 Broad Street, 39th Floor
New York, New York 10004-2400
Telephone: (212) 422-0202
Facsimile: (212) 422-0925
Attorneys for Defendants
Hartford Life and Accident Insurance Company s/h/a
The Hartford Benefit Management Services
and GDB Claims and Services Operations

UNITED STATES DISTRICT COURT
DISTRICT COURT OF NEW JERSEY

| JAMES WRIGHT, Plaintiff, -against- THE HARTFORD BENEFIT MANAGEMENT SERVICES; GDB CLAIMS AND SERVICES OPERATIONS; ABC 1-10 (that being the names of the corporate entities, companies, partnership or individuals intended), Defendants. | Civil No.: 2:11-cv-00602<br>Hon. Stanley R. Chesler, U.S.D.J.<br>Hon. Michael A. Shipp, U.S.M.J.<br><br>**PROOF OF MAILING** |
|---|---|

1. I, Daniel M. Meier, am an associate with the law firm of Sedgwick LLP, attorneys for HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY i/s/h/a THE HARTFORD BENEFIT MANAGEMENT SERVICES and GDB CLAIMS AND SERVICES OPERATIONS.

2. I hereby certify that I mailed a sealed package with postage pre-paid, via regular mail addressed to:

Kevin T. Kutyla, Esq.
83 Spring Street
Newton, NJ 07860
(973) 940-8970
Attorney for Plaintiff

3. This package contains a copy of defendant's Reply Memorandum of Law in Furtehr Support of its Motion to Strike, which was filed with the court via ECF.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: February 21, 2012

s/ Daniel M. Meier
Daniel M. Meier, Esq. (DM- 041942006)