**KEVIN T. KUTYLA, ESQ.**
83 Spring Street
Newton, NJ 07860
(973) 940-8970 / (973) 940-8973 (fax)
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**JAMES WRIGHT,**

Plaintiff(s),

-against-

**HARTFORD FINANCIAL SERVICES GROUP; THE HARTFORD BENEFIT MANAGEMENT SERVICES; GDB CLAIMS AND SERVICES OPERATIONS; ABC 1-10 (that being the names of the corporate entities, companies, partnership or individuals intended),**

Defendant(s).

Civil Action No.: 2:11-cv-00602
Hon. Stanley R. Chesler, U.S.D.J.
Hon. Michael A. Shipp, U.S.M.J.

---

**PLAINTIFF'S BRIEF IN REPLY TO DEFENDANT'S OPPOSITION TO SUMMARY JUDGMENT**

---

On the Brief:
Kevin T. Kutyla, Esq.
83 Spring Street, Ste. 302B
Newton, NJ 07860

# TABLE OF CONTENTS

PAGE

**PRELIMINARY STATEMENT**....................................1

**LEGAL ARGUMENT**.........................................4

**POINT I:**

**THIS COURT NEED ONLY LOOK AT THE 1,112 PAGE RECORD SUBMITTED BY HARTFORD TO REALIZE THAT ITS DECISION WAS ARBITRARY AND CAPRICIOUS**......................4

**POINT II**

**HARTFORD DID NOT CONSIDER THE DISABLING SIDE EFFECTS OF WRIGHT'S PRESCIPTION MEDICATIONS**.......................................7

**POINT III**

**HARTFORD'S RELIANCE ON SIU SURVEILLANCE VIDEO IS ARBITRARY AND CAPRICIOUS**.................10

**POINT IV**

***SIMON v. PRUDENTIAL INC. CO. OF AMERICA*** **IS ANALOGOUS TO THE CASE AT BAR**...................12

**TABLE OF AUTHORITIES**

*Baker v. Harford Life Ins. Co., et al.*,
2010 U.S. Dist. LEXIS 52742 .......... 2,6

*Marciniak v. Prudential Fin. Ins. Co. of Am.*,
184 Fed. Appx. 266 (3d Cir. Pa. 2006) .......... 6

*Metro Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008) .......... 2

*Miller v. American Airlines, Inc.*, 632 F.3d 837
(3d Cir. Pa. 2011) .......... 4

*Mitchell v. Eastman Kodak Co.*, 113 F.3d 433
(3d Cir. Pa. 1997) .......... 4

*Simon v. Prudenital Ins. Co. of America*,
2011 LEXIS 7889 (July 20, 2011) .......... 12

## PRELIMINARY STATEMENT

Daniel M. Meier, Esq., attorney for the defendant, Hartford Insurance Company (hereafter "Hartford"), submitted a memorandum of law in opposition to plaintiff's Motion for Summary Judgment dated January 12, 2012. The following is plaintiff's reply to that opposition.

Plaintiff's motion for summary judgment should be granted and Hartford's motion for summary judgment should be denied because Hartford's decision to deny plaintiff's long-term disability benefits was clearly arbitrary and capricious. No amount of arguing or obfuscation by Hartford can change the fact that its decision flies in the face of the opinions of plaintiff's three treating physicians, David M. Garrison, M.D., Robert Vrablik, M.D. and Thomas P. Jeffers, D.C. Hartford had the records of all three of those doctors in its possession prior to issuing its denial of plaintiff's long-term disability benefits. Hartford and its hired physician, who never examined plaintiff, had records of the enormous amounts of prescription medication plaintiff was taking and continues to take on a daily basis but failed to give the side effects of these medications any weight at all in its determination. For these reasons alone, Hartford's statement that its "adverse benefit determination was based on several items of substantial evidence

in the administrative record…" is absurd. See Daniel M. Meier's Memorandum of Law, page 1.

Moreover, Hartford's contention that plaintiff seeks to rely on evidence outside the administrative record or evidence that has not been properly authenticated is a complete red herring designed to distract the court from the issue at hand. The issue at hand is whether Hartford's denial of plaintiff's long-term disability benefits was arbitrary and capricious. As shown in plaintiff's opposition to Hartford's Motion to Strike, nearly all of the evidence which Hartford has asked this court to strike from plaintiff's summary judgment submissions is in fact attached to Hartford's submission in the 1,112 Bate stamped pages submitted in support of its original motion for summary judgment. Hartford's motion to strike is nothing more than a tactical ploy which it has used before in the case of *Baker v. Hartford Life Insurance Company*, 210 U.S. Dist. N.J. Lexis 52742.

There are four pieces of "substantial evidence" which Hartford claims it relied upon: (1) the SIU for surveillance footage of the plaintiff; (2) a thorough review of plaintiff's medical records; (3) the peer reviews done by the doctors hired by Hartford; and (4) the Employability Analysis Report conducted by a Hartford rehabilitation case manager. Each of these pieces of "substantial evidence" were addressed in plaintiff's original

brief, however, without belaboring the point and trying not to be redundant, it is plaintiff's position that: (1) the surveillance footage showed plaintiff doing only light work for less than one hour over the course of an entire day; (2) Hartford clearly could not have done a thorough review of Mr. Wright's medical records because Hartford failed to address the opinions of plaintiff's three treating physicians and the side-effects of the substantial amount of prescription medications that plaintiff takes on a daily basis; (3) the independent peer reviews were anything but independent. Rather they were reports done by either bias or incompetent doctors who were being paid by the Hartford for their opinion; and (4) the Employability Analysis Report relied by the Hartford was done by a rehabilitation case manager who relied only on the opinions of Hartford's doctors and made no examination independent or otherwise of the plaintiff.

**LEGAL ARGUMENT**

**POINT I**

**THIS COURT NEED ONLY LOOK AT THE 1,112 PAGE RECORD SUBMITTED BY HARTFORD TO REALIZE THAT ITS DECISION WAS ARBITRARY AND CAPRICIOUS**

The standard of review in this case as agreed by both parties is "arbitrary and capricious". That is to say, if this court finds that Hartford acted in an arbitrary and capricious manner in denying plaintiff long-term disability benefits, it must override Hartford's decision and reinstate such benefits to the plaintiff. *Miller v. American Airlines, Inc., et al.*, 632 F.3d 837 (3d Cir. Pa. 2011); *Mitchell v. Eastman Kodak Co.*, 113 F.3d 433 (3d Cir. Pa. 1997)

In its Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment as well as its motion to strike, Hartford attempts to distract this court from the heart of this case, that is whether Hartford acted in an arbitrary and capricious manner and shift this court's attention to the records plaintiff submitted in support of its motion for summary judgment. To expose this attempt to distract this court from the issue at hand plaintiff simply responds that this Court may eliminate most every document submitted by plaintiff in support of his motion for summary judgment and rely simply on the 1,112 pages submitted by Hartford. In fact, most of the documents

which Hartford motions this court to strike from plaintiff's submission in actually included in Hartford's submission. Plaintiff submits that no matter how many documents are submitted by Hartford; no matter how many cases it cites in its lengthy brief; or how many footnotes it uses, Hartford cannot escape the fact that its decision to terminate Mr. Wright's long-term disability benefits was arbitrary and capricious.

The one document that is not in Hartford's submission in support of either of its motions, is the Affidavit of David M. Garrison, M.D., plaintiff's treating physician. Plaintiff respectfully submits that this certification is not being submitted to offer any new opinion or any new evidence that is not in the record. Rather, Dr. Garrison's affidavit is being submitted to contradict statements made by Hartford employee's or doctors hired by Hartford. Specifically, Dr. Garrison contradicts the statement that he never returned Hartford's calls when contacted in Mr. Wright's case. To the contrary, Dr. Garrison states that he did indeed talk with someone from the Hartford at which time he told the representative from the Hartford that he did not view the surveillance video in question and even if he had it would not change his opinion that Jim Wright could not work a full day due to the amount of medication he was on and his chronic pain.

This is similar to the case of *Marciniak v. Prudential Financial Ins. Co. of America*, 184 Fed. Appx. 266 (3d Cir. Pa. 2006), where the Third Circuit held that Trial Court may "consider evidence of potential biases and conflicts of interest that are not found in the administrative record." In *Baker v. Hartford Life Ins. Co.*, 210 U.S. Dist. NJ, LEXIS 52742, this court held that a certification submitted by an aggrieved plaintiff's doctor was admissible on a motion for summary judgment since the purpose of the affidavit was to shed light on a conversation between the doctor and the insurance company's hired expert.

For the foregoing reasons, Hartford's motion for summary judgment must be denied and plaintiff's motion for summary judgment should be granted.

**POINT II**

**HARTFORD DID NOT CONSIDER THE DISABLING SIDE EFFECTS OF WRIGHT'S PRESCRIPTION MEDICATIONS**

In part B of the its Memorandum of Law which begins on page 6, Hartford intends to argue that it did indeed consider the side-effects of Mr. Wright's prescription medication. However, the record clearly indicates otherwise.

Although the heading of part B, indicates that Hartford did consider the disabling side-effects of prescription medication when the argument below that heading is read it is clear that this is not Hartford's argument at all. Rather, Hartford tries to argue that it was justified in not considering the side effects of Mr. Wright's medication because the plaintiff did not submit medical documentation regarding the side-effects. Specifically, counsel writes in his brief,

> "The administrative record reveals, however, that Wright failed to submit any medical documentation to demonstrate that he was disabled due to the purported side-effects of his prescription medication. …If fact, the administrative record demonstrates that the first time Wright raised any concerns about side-effects from his prescription medications was in his August 18, 2009 letter administratively appealing *initial* adverse benefit determination. (298-301)"

The schizophrenic language of counsel's argument can lead to only one conclusion, that its client was arbitrary and

capricious in denying Mr. Wright's long-term disability benefits. Had Hartford considered the side-effects of plaintiff's medication as it claims, it would have considered the statement of Dr. Thomas P. Jeffers, "the claimant was not capable of working any capacity at the time due to the severity of his pain and the large amounts of analgesics he was taking at the time." Declaration of Juan M. Mendez, Exhibit B, Page 221.

Further, Dr. Vrablik in his September 14, 2009 report detailed plaintiff's chronic pain and listed plaintiff's numerous medications stating, "At this point, I do not see how he [James Wright] will be able to return to a functional 8 hour day with his current pain levels." Declaration of Juan M. Mendez, Exhibit B, Page 260.

Finally, David M. Garrison stated, "While Mr. Wright is capable of doing yard work for an hour or two, his chronic pain and the side-effects of his medication prevent him from being gainfully employed." Moreover, Dr. Garrison points out that any competent physician would clearly understand that Mr. Wright was unable to work due to the side-effects of his numerous medications. These daily medications include: Lyrica – 75mg; Prozac – 20 mg; Oxycontin – 60 mg; AmbienCR – 12.5mg; Abilify – 10 mg; Provigil – 200 mg; Amrix – 30 mg and Valium – 10 mg.

Thus, the statement in part B of Hartford's Memorandum of Law in opposition to plaintiff's summary judgment motion is

without merit. Hartford clearly did not consider the disabling side-effects of Mr. Wright's prescription medications. However, the information regarding such medication and hence its side-effects was submitted to Hartford in the record below.

**POINT III**

**HARTFORD'S RELIANCE ON SIU SURVEILLANCE VIDEO IS ARBITRARY AND CAPRICIOUS**

Once again, this Court is faced with trying to interpret the schizophrenic language in Hartford's Memorandum of Law in opposition to plaintiff's motion for summary judgment. Under the "Preliminary Statement" found on page 1 of its Memorandum of Law, Hartford states the first element of "substantial evidence in the administrative record" upon which it based its determination to be, "the SIU surveillance footage showing Wright performing strenuous physical activity, which contradicted his self-reported claim of being functionally unable to perform the essential duties of even a sedentary occupation."

Then on page 12 of the same Memorandum of Law, counsel writes,

> "Wright argues that Hartford, 'placed conservable [sic] weight on the surveillance video tape when terminating Wright's benefits.' This argument is not supported by Hartford's actual determination letters or by the content of the administrative record, which demonstrates that the surveillance video was treated as nothing more or less than any other piece of substantial evidence in the record. In fact, the surveillance videos only utility was to raise questions about the veracity of Wright's claimed restrictions and limitations…In fact, Wright's arguments that the surveillance footage does 'not unequivocally prove that Wright is no longer disabled' is not an issue in this matter

> because Hartford never said that it constituted such proof." Hartford's MOL p. 12

Counsel goes on to state, "Indeed, Hartford's final determination letter only references the surveillance footage in one paragraph of a six-page, single-spaced letter discussing all of the materials in Wright's claim file." Hartford's MOL p. 13.

It seems that Hartford attempts to rely on the absurd argument that when it suits its needs, the SIU surveillance video is the first in a line of "substantial evidence", but when it realizes that the footage does not support their argument that Mr. Wright is able to return to work, they try to minimize their use of the video by saying they hardly relied on it at all. It would seem that what Hartford's argument lacks in veracity, it makes up for in creativity.

## POINT IV

## *SIMON V. PRUDENTIAL INS. CO. OF AMERICA* IS ANALOGOUS TO THE CASE AT BAR

Once again, Hartford tries to the lead the Court away from the issue of whether Hartford's decision was arbitrary and capricious by pointing out minor factual discrepancies between the case at bar and *Simon v. Prudential Ins. Co. of America*, 2011 LEXIS 7889 (July 20, 2011). Plaintiff's counsel never stated the facts were "identical" as Hartford stated in its Memorandum of Law. In fact, no two cases are identical. Mr. Wright's case is distinguishable from Mr. Simon's in that Mr. Simon was an attorney, Mr. Wright was not; the physician ignored by the insurance company in the *Simon* case was hired by the insurance company, the physician ignore by Hartford in this case was plaintiff's treating physician. Certainly, there are other facts which distinguish the two cases. Nevertheless, the analysis set forth in *Simon* is the same analysis that should be used here. Hartford agrees that like the *Simon* case, this case should be judged on the arbitrary and capricious standard. However, Hartford simply urges this court to draw a different conclusion when applying that standard. Plaintiff maintains that although the facts of *Simon* and *Wright* are not identical,

the standard of review is the same and the defendant's action in both cases were arbitrary and capricious.

Therefore, Hartford's motion for summary judgment should be denied and plaintiff's motion for summary judgment should be granted.

Respectfully submitted,

/s/ Kevin T. Kutyla